Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6802 | **DATE** | 5/28/2002 |
| **CASE TITLE** | COMMODITY FUTURES TRADING COMMISSION vs. ANDREW DUNCAN, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff Commodity Futures Trading Commission's bill of costs is granted in part. Plaintiff Commodity Futures Trading Commission is awarded $673.00 in deposition costs. SEE REVERSE FOR DETAILS.

*Suzanne B. Conlon*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JUN 03 2002 | |
| | Notified counsel by telephone. | | | date docketed | 31 |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | | 5/28/2002 | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| CB | courtroom deputy's initials | | Date/time received in central Clerk's Office | CB mailing deputy initials | |

(Reserved for use by the Court)

# ORDER

Commodity Futures Trading Commission ("CFTC") sued Andrew Duncan and The Aurum Society, Inc. (collectively, "defendants") for violations of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq*. On April 3, 2002, the court entered a default judgment against defendants. CFTC now seeks its costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

"[C]osts ... shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. In its bill of costs, CFTC seeks expenses incurred for deposition transcripts and witness fees. Defendants failed to respond. Nevertheless, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur... [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964).

CFTC seeks to recover the transcript costs and witness fees, including mileage and subsistence, for the depositions of James Dale Davidson and Larry Telford as well as the transcript costs for the deposition of defendant Andrew Duncan. In evaluating the bill of costs, the court must determine that: (1) the expenses are allowable under § 1920; and (2) the expenses are reasonable and necessary. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Witness fees, including mileage and subsistence, are allowable under § 1920(3). 28 U.S.C. § 1821. Section 1920(2) authorizes the taxing of deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993).

CFTC does not explain why it was necessary to depose Davidson and Telford. CFTC did not use their depositions to submit evidence to the court. Indeed, both depositions were taken after the court found defendants in technical default. In contrast, CFTC used Duncan's deposition in support of its motion to amend the statutory restraining order and its application for default judgment. Under these circumstances, CFTC may recover the costs associated with Duncan's deposition, but cannot recover the unnecessary expenses incurred for the Davidson and Telford depositions.

Where an award of deposition costs is appropriate, the Judicial Conference has established $4.00 per page for an expedited transcript, $3.00 per page for an original transcript and $.75 as the rate per page for a transcript copy. *See Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 456 (7th Cir. 1998), *citing* VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual, ch. 20, pt. 20.3 (1998). CFTC incurred $719.25 (137 pages at $5.25 per page) for Duncan's expedited deposition transcript plus one copy, $10.00 for a condensed transcript and $125.00 for court reporter attendance fees. Prior to Duncan's deposition, the court granted CFTC's motion for expedited discovery. Therefore, CFTC is entitled to the $4.00 per page rate for an expedited transcript for a total of $548.00 (137 pages at $4.00 per page). CFTC also may recover the $125.00 in court reporter attendance fees as part of the costs in obtaining a deposition transcript under Section 1920(2). *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). However, the record does not reflect whether the extra copies of the expedited deposition transcript were necessary or merely a convenience. Therefore, the court declines to award costs for the transcript copies. See *Barber*, 7 F.3d at 645 (costs of transcripts obtained for convenience of counsel are not taxable).

*[signature]*